UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ASHANTE YUSSUF, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-2118 (BAH) |
| WELLS FARGO BANK, N.A., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

The plaintiff, Ashante Yussuf, who is proceeding *pro se*, filed, on August 3, 2018, in the Superior Court of the District of Columbia ("Superior Court") her complaint, which the defendant Wells Fargo Bank, N.A., timely removed to this Court on September12, 2018. Pending before the Court is defendant's motion to dismiss, ECF No. 7, on grounds that the complaint fails to state a plausible claim for relief and for lack of jurisdiction, under Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(1) and (6). Shortly after the dismissal motion was filed, the Court issued an Order, ECF No. 8, on September 25, 2018, advising the *pro se* plaintiff of her obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to defendant's motion, and of the consequences of her failure to oppose it. Specifically, the Order advised plaintiff that, if she failed to file her opposition by October 25, 2018 – a longer period than that normally allowed under the applicable rules – the Court would rule on defendant's motion without the benefit of her position. *Id.* To date, plaintiff neither has filed an opposition nor requested more time to do so. For the reasons discussed below, defendant's motion is granted.

## I. BACKGROUND

Plaintiff secured a mortgage loan from Wells Fargo Bank, N.A. for her former residence at 323 58th Street, N.E., Washington, DC 20019 ("the property"). *See* Compl. at 4, ECF No. 4-1. The property was the subject of foreclosure proceedings in the Superior Court, *see generally* Def.'s Mem. in Support of Mot. to Dismiss Compl. ("Def.'s Mem."), ECF No. 7-2, which defendant initiated on November 11, 2015, *id.*, Ex. 1 at 1. By order, dated April 11, 2018, the Superior Court ratified the sale of the property by the Trustees. *Id.*, Ex. 2. The matter concluded on August 3, 2018, with orders granting defendant's Motion to Ratify Accounting, Release Bond, and Close Case and denying plaintiff's Emergency Motion to Vacate Default Judgment. *Id.*, Ex. 1 at 5.

In vague and conclusory language, plaintiff alleges "wrongful foreclosure because of predatory lending, wrongful denial of foreclosure, fraudulent hazardous insurance, discrimination against African-Americans, unethical business practices, and fraudulent business practices." Compl. at 1. In addition, plaintiff alleges she is "part of several class action suits against Wells Fargo," which have settled. *Id.* She demands judgment in her favor in the sum of $500,000. *Id.*

## II. LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of demonstrating the court's subject-matter jurisdiction over her claim by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Indeed, federal courts are "forbidden . . . from acting beyond our authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), and, therefore, have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for us to hear each dispute,'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)). Absent subject-matter jurisdiction, the court must dismiss the case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006); FED. R. CIV. P. 12(h)(3).

To withstand a motion to dismiss under Rule 12(b)(6), "the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Wood v. Moss*, 572 U.S. 744, 757-58 (2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," but "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).

In considering a motion to dismiss for lack of subject matter jurisdiction or for failure to plead a claim on which relief can be granted, the complaint must be considered in its entirety, accepting all factual allegations in the complaint as true, even if doubtful in fact, and construe all reasonable inferences in favor of the plaintiff. *Twombly*, 550 U.S. at 555 (considering 12(b)(6) challenge); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (considering 12(b)(1) challenge). Nevertheless, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint[ or] legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While matters "outside the

pleadings" generally may not considered on a Rule 12(b)(6) motion, without converting the motion to one for summary judgment, FED. R. CIV. P. 12(d), the Court may, without triggering the conversion rule, consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).[1] In evaluating subject-matter jurisdiction, however, the court may look beyond the complaint to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert*, 974 F.2d at 197 (citations omitted).

### III. DISCUSSION

Based upon a comparison of the Superior Court proceedings and the instant complaint, this plaintiff's pending allegations and claims against the defendant involve the same cause of action between the same parties and has been brought to final judgment by a court of competent jurisdiction. Defendant argues, and the Court concurs, that "Wells Fargo's right . . . to foreclose on the [p]roperty and the validity of the foreclosure sale have already been determined to finality" in the Superior Court. Def.'s Mem. at 6. Where, as here, a subsequent lawsuit is filed "(1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction," that lawsuit is barred under the res judicata doctrine. *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (citations omitted); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ( "The preclusive effect of a judgment is defined by claim preclusion and issue

---

[1] Judicial notice of the Superior Court proceedings is appropriately taken here, *see Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005), as well as the documents filed therein, *see Atchison v. U.S. District Courts*, 190 F. Supp. 3d 78, 84 (D.D.C. 2016) (citing *Lewis v. DEA*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011)).

4

preclusion, which are collectively referred to as 'res judicata.'"); *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) ("Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."). Two claims need not be "literally identical claims for res judicata to apply[.]" *Capitol Hill Grp. v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008), *aff'd sub nom. Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). Set against this legal standard, the plaintiff's claims are thus barred and, therefore, dismissal of the complaint is warranted under Rule 12(b)(6). *See Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 76-77 (D.C. Cir. 1997) (collecting cases allowing parties to assert *res judicata* on 12(b)(6) motion).

Even if the doctrine of res judicata presented no bar, plaintiff's claims are subject to dismissal on alternate grounds. District courts lack jurisdiction to review decisions of state or local courts, and the plaintiff's claims here are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state court decision.'" *Stanton*, 127 F.3d at 75 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state court's judgment itself violates the loser's federal rights"); *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir.

1996) ("[F]ederal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts."). The law is well-settled that the *Rooker-Feldman* doctrine precludes this court "from exercising appellate jurisdiction over final state-court judgments," *Lance v. Dennis*, 546 U.S. 459, 463 (2006), requiring dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(1).

Moreover, insofar as plaintiff alleges wrongful foreclosure, the complaint fails to "allege sufficient facts to state a plausible claim that [she] sustain[ed] damages by reason of a foreclosure executed in a manner contrary to law." *Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 222 (D.D.C. 2014) (internal quotation marks and citations omitted), *appeal dismissed*, No. 14-7039 (D.C. Cir. Sept. 16, 2015). Her bare assertions that defendant's conduct was wrongful, unlawful or fraudulent does not allege adequately that defendant violated some provision of District of Columbia law in the course of the foreclosure proceedings in the Superior Court. *See, e.g., Robinson v. Deutsche Bank Nat'l Trust Co.*, 932 F. Supp. 2d 95, 103-04 (D.D.C. 2013) (discussing wrongful foreclosure claim arising from alleged violations of D.C. Code § 42-815). Nor does a bare assertion of fraud "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Absent allegations as to "the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud," and the identity of the individuals involved, *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (citations omitted), any fraud claim must be dismissed.

Plaintiff alleges she is "a part of several class action suits against Wells Fargo," Compl. at 1, identified as the Pick-a Pay, Forced-Place Insurance, Flood Insurance, and TCPA class action settlements, Def.'s Mem. at 3. The complaint does not appear to assert a claim with

respect to these settlements, however, or indicate whether or what remedy plaintiff is seeking from or as result of those settlements. Similarly, the lack of factual allegations, coupled with unsupported assertions of "unethical business practices" and "predatory lending," Compl. at 1, dooms these claims. Likewise, the absence of factual allegations as to when or how defendant exhibited bias, or the harm plaintiff may have suffered because of defendant's bias, *see id.*, the complaint fails to state a claim that defendant discriminated against African-Americans.

## IV. CONCLUSION

The Court concludes that plaintiff's complaint fails to state a claim upon which relief can be granted and fails to set out a claim over which jurisdiction may be exercised. Accordingly, defendant's motion to dismiss is granted. An Order consistent with this Memorandum Opinion is issued contemporaneously.

DATE: November 19, 2018 /s/ *Beryl A. Howell*

BERYL A. HOWELL
Chief Judge